# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBAID ULLAH,<br>District 8<br>Kabul<br>Afghanistan,<br><br>AMERICAN CIVIL LIBERTIES UNION<br>125 Broad Street<br>New York, NY 10004,<br><br>AMERICAN CIVIL LIBERTIES UNION<br>  FOUNDATION,<br>125 Broad Street<br>New York, NY 10004,<br>                                        Plaintiffs,<br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br>1000 Colonial Farm Rd<br>McLean, VA 22101,<br>                                        Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF
## (FOIA – Agency refusal to release records)

1.      This Freedom of Information Act lawsuit seeks to compel an answer to a question that continues to devastate the grieving family of Gul Rahman. More than fifteen years after the CIA forcibly disappeared Mr. Rahman and tortured him to death in a CIA prison, it continues to hide Mr. Rahman's body from his family. Mr. Rahman's family and the American Civil Liberties Union seek records relating to the CIA's disposition of Mr. Rahman's remains.

2.      In 2002, Mr. Rahman and his family were living as refugees in the Shamshato Refugee Camp, Peshawar, Pakistan. On or around November 5, 2002, the CIA kidnapped Mr. Rahman in Islamabad, Pakistan, where he had gone for a medical checkup, and forcibly

transferred him to a CIA prison. Over the next two weeks, CIA personnel subjected Mr. Rahman to extensive and systematic torture and abuse: they stripped him naked, shackled his hands above his head, and forced him to stand for days without sleeping. They deprived him of food and drenched him with freezing water until he showed signs of hypothermia. They subjected him to repeated physical assaults. On November 20, Mr. Rahman—injured, starved, sleepless, and freezing—died of hypothermia in CIA custody.

3. The CIA did not inform Mr. Rahman's family of his fate, and for more than a decade, the Agency maintained that his death in its custody was an official secret. Lacking any knowledge of his death, Mr. Rahman's family believed him to be alive and sought to find him by writing to multiple governments, including the U.S. government, seeking information on his whereabouts. All these inquiries were unsuccessful.

4. On December 9, 2014, the United States officially confirmed that Mr. Rahman had died in CIA custody when it declassified and publicly released the executive summary of a 6,000-page report titled the Senate Select Committee on Intelligence Study of the CIA's Detention and Interrogation Program ("SSCI Report"). The SSCI Report is the result of a comprehensive, multi-year review of the CIA's torture and abuse of prisoners, which examined millions of pages of government documents. The Report extensively quoted several previously-secret investigations of Gul Rahman's death.

5. Following the public release of the SSCI Report summary, the CIA declassified and released a June 2013 Response to the SSCI Report. The CIA's Response acknowledges "Rahman's death in CIA custody," and observes that "CIA leaders erred in not holding anyone formally accountable for the actions and failure of management related to the death of Gul

Rahman." The CIA's response concludes that "[t]he death of Rahman, under conditions that could have been remediated by Agency officers, is a lasting mark on the Agency's record."

6. On June 13, 2016, the CIA declassified and released redacted reports of its own investigations of Mr. Rahman's death in CIA custody. The CIA posted those reports to its website. The reports conclude that the CIA's initial "reporting of the details of Rahman's detention and death in Station cables contained false statements and material omissions," that "obscured or minimized the circumstances of the death."

7. To date, the CIA has not officially informed Mr. Rahman's family of his death, nor returned his body to his family.

8. This action is brought under the Freedom of Information Act, 5 U.S.C. § 552, seeking injunctive and other appropriate relief, including the immediate processing and release of records sought by Plaintiffs Obaid Ullah, American Civil Liberties Union and the American Civil Liberties Union Foundation from Defendant CIA through a FOIA request ("Request").

9. Plaintiffs submitted the Request to the CIA. Plaintiffs sought expedited processing and a waiver of fees. To date, the CIA has not released any record in response to the Request.

## Jurisdiction and Venue

10. This Court has subject-matter and personal jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 5 U.S.C. §§ 701–06.

11. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

12. Plaintiff Obaid Ullah is an Afghan citizen, Mr. Rahman's nephew, and the personal representative of the estate of Gul Rahman.

13.     Plaintiff American Civil Liberties Union ("ACLU") is a nationwide, non-profit, nonpartisan organization with over 1.75 million members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to principles of transparency and accountability in government, and seeks to ensure that the American people are informed about the conduct of their government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed form) is a critical and substantial component of the ACLU's work and one of its primary activities.

14.     Plaintiff ACLU Foundation is a separate 26 U.S.C. § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

15.     Defendant CIA is an agency of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

### The ACLU's FOIA Request and the CIA's Response

16.     On April 18, 2018, Plaintiffs submitted the Request for records concerning "(1) The United States' (or its agents') disposition of Mr. Rahman's body after his death in CIA custody in November 2002; (2) Any and all documents referencing the location of Mr. Rahman's body; and (3) Procedures, protocols, or guidelines to be followed in the event of a CIA detainee's death while in United States' custody, including family notification, investigation and disposition of the body."

17.     Plaintiffs sought expedited processing, contending that the records were urgently needed to inform the public about actual or alleged government activity and that the ACLU was primarily engaged in disseminating information. *See* 5 U.S.C. § 552(a)(6)(E)(v); *see also* 28

C.F.R. § 16.5(e)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. § 1900.34(c)(2). Plaintiffs also sought expedited processing on the grounds that the records related to a "breaking news story of general public interest." 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 28 C.F.R. § 16.5(e)(1)(iv).

18. Plaintiffs sought a waiver of search, review, and duplication fees on the basis that disclosure of the requested records was in the public interest because it was "likely to contribute significantly to public understanding of the operations or activities of the government and [was] not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.10(k)(1); 32 C.F.R § 286.28(d); 32 C.F.R. § 1900.13(b)(2). Plaintiffs also sought the waiver on the basis that the ACLU constituted a "representative of the news media" and that the records were not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 32 C.F.R. § 286.28(e)(7); 32 C.F.R. § 1900.13(i)(2); 28 C.F.R. § 16.10(d).

19. On April 20, 2018, the CIA denied the ACLU's request for expedited processing.

20. The ACLU has received no further response or correspondence from the CIA.

21. The CIA has not released any record in response to the Request.

## Causes of Action

22. The CIA's failure to timely respond to the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and the CIA's corresponding regulations.

23. The CIA's failure to conduct a reasonable search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and the CIA's corresponding regulations.

24. The CIA's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the CIA's corresponding regulations.

25. The CIA's failure to grant Plaintiffs' request for a waiver of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and the CIA's corresponding regulations.

26. The failure of CIA to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and the CIA's corresponding regulations.

### Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order the CIA to immediately to produce all records responsive to the Request;

B. Enjoin the CIA from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Dated: November 29, 2018                           Respectfully submitted,

                                                  /s/ *Dror Ladin*_____

Arthur B. Spitzer (D.C. Bar No. 235960)     Dror Ladin (D.C. Bar No. NY0277)
American Civil Liberties Union               Steven Watt
  of the District of Columbia                Hina Shamsi (D.C. Bar No. MI0071)
915 15th Street, NW, 2nd Floor               American Civil Liberties Union
Washington, DC 20005                           Foundation
Tel: 202-457-0800                            125 Broad Street, 18th Floor
Fax: 202-457-0805                            New York, New York 10004
aspitzer@acludc.org                          Tel: 212-549-2500
                                             Fax: 212-549-2654
*Counsel for Plaintiffs*                     dladin@aclu.org
                                             hshamsi@aclu.org
                                             swatt@aclu.org